IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH BERMUDEZ,<br><br>                    Petitioner,<br><br>     vs.<br><br>A.A. LAMARQUE, Warden,<br><br>                    Respondent. | CASE NO. CV-F-04-5066 OWW WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

On January 29, 2001, Petitioner was convicted by jury trial in Superior Court of Kern County of the following: first degree murder of Victor Rodriguez, with a true finding that he personally discharged a firearm and inflicted great bodily injury; unlawfully taking or driving the victim's car; possessing a firearm in violation of probation and with a prior juvenile adjudication; and possessing methamphetamine. On February 28, 2001, the court denied probation and sentenced him to state prison for an aggregate term of 50 years to life.

Petitioner filed a direct appeal from his judgment of conviction. The California Court of Appeal

for the Fifth Appellate District ("Court of Appeal") affirmed the judgment on November 6, 2002. The California Supreme Court denied Petitioner's petition for review on January 15, 2003.

Petitioner did not file any petitions for writ of habeas corpus in state court. He filed the present petition on March 18, 2004.

**STANDARD OF REVIEW**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on January 12, 2004, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless

the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

1996).

If the California Supreme Court's opinion is summary in nature, however, this court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

## DISCUSSION

Petitioner contends that his Sixth and Fourteenth Amendment rights were violated because he was denied complete jury instructions as to his theory of defense. Specifically, he claims that his constitutional rights were violated because the jury was not instructed on his claim that he shot Rodriguez based on his belief that Rodriguez was going to commit the "forcible and atrocious" crime of rape against him. Respondent disputes this contention.

An allegation that a jury instruction is incorrect under state law does not form a basis for federal habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."). Rather, a habeas court must consider "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process' ... not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'" Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730 (1977) (*quoting* Cupp v. Naughten, 414 U.S. 141, 146-47, 94 S.Ct. 396 (1973)); California v. Roy, 519 U.S. 2, 5, 117 S.Ct. 337, 338 (1996) (challenge in habeas to the trial court's jury instructions is reviewed under the standard in Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) - whether the error had a substantial and injurious effect or influence in determining the jury's verdict.).

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Id. Moreover, a petitioner whose claim

involves the *omission* of an instruction "bears an especially heavy burden," because an omission is less likely to be prejudicial than a misstatement of the law. Reynolds v. Maddock, 1999 WL 354366, *3 (N.D. Cal. 1999).

The Court of Appeal rejected this claim, reasoning in part as follows:

> As respondent correctly notes, the trial court herein extensively instructed the jury as to the definitions of homicide, first and second degree murder, premeditation and deliberation, and voluntary and involuntary manslaughter. (CALJIC Nos. 8.00, 8.10, 8.11, 8.20, 8.21, 8.30, 8.31, 8.37, 8.40, 8.42, 8.43, 8.44, 8.45, 8.50, 8.51, 8.55, 8.70, 8.71, 8.72, 8.73, 8.74, 8.75; special instruction No. 1). More particularly, the jury was instructed as to the definitions of a "forcible and atrocious" crime (CALJIC No. 5.16), justifiable and excusable homicides (CALJIC Nos. 5.01, 5.10, 5.12, 5.13, 5.15), and several theories of self-defense (CALJIC Nos. 5.17, 5.30, 5.31, 5.50, 5.51, 5.52, 5.53, 5.54, 5.55).
>
> Appellant acknowledges these instructions were correctly given, but asserts the jury was never informed that his actual but unreasonable belief that Rodriguez was going to sexually assault him could reduce murder to manslaughter. However, the entirety of the record reveals that appellant's defense theory was properly presented to the jury, not only as a complete defense for justifiable homicide, but also to reduce murder to manslaughter based on appellant's actual but unreasonable belief in the necessity to defend himself. CALJIC No. 5.16 defined a "forcible and atrocious crime" as follows:
>
>> "A forcible and atrocious crime is any felony that by its nature and the manner of its commission threatens, or is reasonably believed by the defendant to threaten, life or *great bodily injury* so as to instill in him a reasonable fear of death or great bodily injury. Rape is a forcible and atrocious crime." (Italics added.)
>
> The jury was instructed in CALJIC No. 5.13 as follows:
>
>> "Homicide is justifiable and not unlawful when committed by any person in the defense of himself if he actually and reasonably believed that the individual killed intended to commit a forcible and atrocious crime and that there was imminent danger of that crime being accomplished. A person may act upon appearances whether the danger is real or merely apparent."
>
> The jury was also instructed as to the applicability of appellant's defense theory to manslaughter. CALJIC No. 5.17 stated in part:
>
>> "A person who kills another person in the *actual but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury,* kills unlawfully, but does not harbor malice aforethought and is not guilty of murder. This would be so even though a reasonable person in the same situation seeing knowing the same facts would not have had the same belief. Such an actual but unreasonable belief is not a defense to the crime of voluntary or involuntary manslaughter . . . ." (Italics added.)
>
> The relevance of these instructions to voluntary manslaughter was explained in CALJIC No. 8.40, which stated in part:
>
>> "Every person who unlawfully kills another human being without malice aforethought but either with an intent to kill, or in conscious disregard for human life, is guilty of voluntary manslaughter. . . .
>>
>> "There is no malice aforethought if the killing occurred upon a sudden quarrel or heat of passion or in *the actual but unreasonable belief in the necessity to defend oneself*

5

*against imminent peril to life or great bodily injury."* (Italics added.)

The relevance of these instructions to voluntary manslaughter was explained in CALJIC No. 8.40, which stated in part:

"Every person who unlawfully kills another human being without malice aforethought but either with an intent to kill, or in conscious disregard for human life, is guilty of voluntary manslaughter . . . .

"There is no malice aforethought if the killing occurred upon a sudden quarrel or heat of passion or in *the actual but unreasonable belief in the necessity to defend oneself against imminent peril to life or great bodily injury."* (Italics added.)

The court's instructions thus properly informed the jury that appellant's reasonable belief that Rodriguez was going to sexually assault him constituted a complete defense to homicide, and his unreasonable belief could reduce murder to manslaughter.

Unpublished Court of Appeal Opinion in Case No. F037700, 16- 17.

Nothing in Petitioner's brief demonstrates that the Court of Appeal applied the wrong legal standard or misstated the facts in addressing Petitioner's claim. Further, the court notes that contrary to Petitioner's claim, the trial court did instruct the jury through CALJIC 5.17 that an unreasonable belief that he was killing to prevent an atrocious crime such as rape could reduce murder to manslaughter. This court finds, therefore, that Petitioner has not carried his burden of demonstrating that the Court of Appeal's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Therefore, this claim presents no basis for habeas corpus relief.

Accordingly, the court HEREBY RECOMMENDS that this petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on

all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 11, 2006**            /s/  William M. Wunderlich
mmkd34                                          UNITED STATES MAGISTRATE JUDGE